UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESUS ALVARADO, on behalf of himself and all those similarly situated, | § § § § | No. SA:13–CV–944–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| WANG MA LLC d/b/a CHINA CITY BUFFET, | § § § | |
| Defendant. | § § | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

Before the Court is a Motion for Leave to File First Amended Complaint filed by Plaintiff Jesus Alvarado ("Plaintiff"). (Dkt. # 29.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion, for the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint. (Dkt. # 29.)

BACKGROUND

Plaintiff commenced this action by filing his original complaint on October 15, 2013. (Dkt. # 1.) The complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay the applicable minimum wage and overtime wages. (Id. ¶¶ 21, 28.) Plaintiff, who is the only named

1

plaintiff in that complaint, brought his claims as a collective action on behalf of himself and all persons similarly situated. (Id. ¶ 33.) Pursuant to this Court's scheduling order, the deadline to file amended pleadings was August 4, 2014. (Dkt. # 14.) On February 28, 2015, Plaintiff filed the instant Motion for Leave to File First Amended Complaint, seeking leave to amend his complaint to add Yu Sun and Aixing Gao, who are currently opt-in plaintiffs, as named plaintiffs in this matter. (Id. ¶ 4.) Defendant Wang Ma LLC ("Defendant") did not file a response within the seven day time limit proscribed by Local Rule CV-7(e)(2), and as such, the Court has the discretion to grant the motion as unopposed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b), a party must show good cause to amend a pleading after the deadline set forth in the scheduling order. Gentilello v. Rege, 627 F.3d 540, 546 (5th Cir. 2010) (citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)). To show good cause, a plaintiff must demonstrate that, despite his diligence, the deadlines could not reasonably have been met. S&W Enters., 315 F.3d at 536. Courts weigh four factors in this analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir.

2003).  If a party can demonstrate good cause to extend the deadlines set forth in the scheduling order, the Court then applies the more liberal standard under Federal Rule of Procedure 15(a) to determine whether to grant leave to amend. Sw. Bell Tel. Co., 346 F.3d at 546 (citing S&W Enters., 315 F.3d at 536).

In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of the allowance of the amendment," and (5) "futility of the amendment." Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Plaintiff asks the Court for leave to amend his complaint to add Yu Sun and Aixing Gao, currently opt-in plaintiffs, as named plaintiffs in this matter.  (Dkt. # 29 ¶ 4.)   Plaintiff explains that he planned to move for conditional certification, but that doing so became impossible when Defendant's counsel unexpectedly withdrew and Defendant refused to cooperate with discovery efforts. (Id. ¶ 7.)  Plaintiff claims that without an amendment, Sun and Gao "will not be able to join in the final resolution of this case."  (Id. ¶ 6.)  In other words, Plaintiff

3

appears to argue that either certification or an amendment is necessary to allow Sun and Gao to receive compensation should Plaintiffs prevail in this case.

The Court notes, however, that Plaintiff is mistaken. Opt-in plaintiffs and original parties are treated equally under the FLSA. See Granchelli v. P & A Interests, Ltd., No. H-11-4514, 2013 WL 435942, at *1 n.1 (S.D. Tex. Feb. 4, 2013). Similarly-situated employees become plaintiffs in an FLSA collective action, and hence may be bound or benefit from a judgment, when they consent in writing. Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 916 (5th Cir. 2008); see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Put otherwise, once an opt-in plaintiff files his consent to join, he has "the same status in relation to the claims of the lawsuit as do the named plaintiffs." Prickett v. DeKalb Cnty., 349 F.3d 1294, 1297 (11th Cir. 2003). The purpose of conditional certification is not to join parties, but to determine whether the court should permit the plaintiff to send notice to other potential class members. Granchelli, 2010 WL 435942 at *2 (citing Myers v. Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010)). As such, a motion for conditional certification "is not required for an opt-in plaintiff to be considered a party plaintiff." Alfonso v. Straight Line Installations, LLC, No. 6:08-cv-1842-Orl-35DAB, 2010 WL 519851, at *1 (M.D. Fla. Feb. 10, 2010).

Thus, the Court finds that an amendment is not absolutely necessary as Plaintiff suggests.  However, because Defendant has not objected, because Defendants have been aware of Sun and Gao's claims since they filed their consents to join on May 20, 2014 (Dkt. # 15), and because the parties have conducted discovery on Sun and Gao's claims (Dkt. # 29 ¶ 6), the Court finds that no prejudice will result from the amendment and that good cause exists to extend the scheduling order deadline.  Because none of the Rule 15(a) factors weigh against the amendment, the Court GRANTS Plaintiff's Motion.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint.  (Dkt. # 29.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, March 3, 2015.

_____
David Alan Ezra
Senior United States Distict Judge